# Rule Docket (all openings)
## CIRCUIT 1-3 Division 2

**Judge:** HAROLD WIMBERLY JR
**Docket:** C-12-210812
**Case Type:** DAMAGES/TORTS

**Lead Plaintiff:** RAY, KAREN

**Attorneys:** BROWN, MARK A.

**All Attorneys:** BROWN, MARK A.

**Style:** KAREN RAY  VS.
SAMUEL GRINDER

**Book/Page:**  091/290
**Filing Fee:**  $184.50
**Lead Defendant:** BELL HELICOPTER TEXTRON, IN(

**Attorneys:**

**Remarks:** *AS TO GOODRICK PUMP &ENGINE CONTROL*

| | |
|---|---|
| **Total Cost:** | $249.00 |
| **Total Transaction:** | $249.00 |

### *** Progress in Case ***

| Date | Description | Note | | | Amount |
|---|---|---|---|---|---|
| 03/02/2012 | FEE PAID FOR OUT OF COUNTY SUMMON (FPOS) | MARK BROWN ATTORNEY AT LAW/ $ 44.00 | 1 | 1 | 0.00 |
| 03/02/2012 | SUMMONS ISSUED (OUT OF COUNTY) (SIOC) | AS TO HONEYWELL INTERNATIONAL INC. | 1 | 1 | 8.50 |
| 03/02/2012 | SUMMONS ISSUED (OUT OF COUNTY) (SIOC) | AS TO ROLLS-ROYCE NORTH AMERICA INC. | 1 | 1 | 8.50 |
| 03/02/2012 | SUMMONS ISSUED (SUM) | AS TO BELL HELICOPTER TEXTRON, INC. | 1 | 1 | 8.50 |
| 03/02/2012 | FEE PAID FOR SEC OF STATE PROCESS (FPSS) | MARK BROWN ATTORNEY AT LAW/ $ 40.00 | 1 | 1 | 0.00 |
| 03/02/2012 | SUMMONS SECRETARY OF STATE (SSS) | AS TO UNISON INDUSTRIES | 1 | 1 | 10.50 |
| 03/02/2012 | SUMMONS SECRETARY OF STATE (SSS) | AS TO GOODRICK PUMP &ENGINE CONTROL | 1 | 1 | 10.50 |
| 03/02/2012 | SUMMONS FILED (SUMF) | 5 DEFENDANTS | 1 | 1 | 4.00 |
| 03/02/2012 | COST BOND-SURETY (CB) | PER MARK A. BROWN | 1 | 1 | 6.00 |
| 03/02/2012 | COMPLAINT FILED-JURY DEMAND (CPLJ) | | 1 | 1 | 6.00 |
| 03/02/2012 | LITIGATION CIRCUIT COURT (LTCC) | COSTS TO OPEN CASE | | 1 | 184.50 |
| 03/02/2012 | DATA ENTRY (DA) | | | 1 | 2.00 |

EXHIBIT
A
tabbies

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

KAREN RAY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARCUS RAY ALFORD, SR.,
AND AS GUARDIAN AND NEXT FRIEND OF
                    , A MINOR AND
           , A MINOR AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES,

AND

SAMUEL GRINDER, INDIVIDUALLY, AS SURVIVING
SPOUSE AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF BILLIE JEAN GRINDER AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,
           PLAINTIFFS,

V.                                           NO.: 2-108-12
                                             JURY DEMANDED

BELL HELICOPTER TEXTRON, INC.,
SERVE:      C T CORPORATION SYSTEM
            800 S. GAY STREET, SUITE 2021
            KNOXVILLE, TN 37929,

ROLLS-ROYCE NORTH AMERICA INC.,
SERVE:      CORPORATION SERVICE COMPANY,
            2908 POSTON AVENUE
            NASHVILLE, TN 37203,

GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.
SERVE:      MARSHALL LARSEN, PRESIDENT AND CEO
            FOUR COLISEUM CENTRE
            2730 WEST TYVOLA ROAD
            CHARLOTTE, NC 28217-4578,

UNISON INDUSTRIES
SERVE:      CHRISTINA M. ALVORD, PRESIDENT
            7575 BAYMEADOWS WAY
            JACKSONVILLE, FL 32256,

HONEYWELL INTERNATIONAL INC.
SERVE:    CORPORATION SERVICE COMPANY
          2908 POSTON AVENUE
          NASHVILLE, TN 37203,

DEFENDANTS.

## COMPLAINT

Comes now the Plaintiffs, **Karen Ray**, as personal representative of the Estate of

Marcus Ray Alford, Sr., and as guardian and next best friend of                              .,

a minor, and          , a minor, and on behalf of all the wrongful death beneficiaries of

Marcus Ray Alford, Sr., and Samuel Grinder as surviving spouse and personal

representative of the Estate of **Billie Jean Grinder** and on behalf of all wrongful death

beneficiaries of Billie Jean Grinder re-filing their Complaint against Defendants, **Bell**

**Helicopter Textron, Inc., Rolls-Royce North America, Inc., Goodrich Pump & Engine**

**Control Systems, Inc., Unison Industries, and Honeywell International, Inc.**, the same

having been filed February 18, 2011 with Orders of Non-Suit entering on March 10, 2011 on

Defendants Rolls Royce and Honeywell International; March 15, 2011, on Defendants

Unison Industries and Goodrich, Inc.; and March 18, 2011 on Bell Helicopter, and would

restate to the Court as follows:

## JURISDICTION AND VENUE

1.     At all times material and applicable hereto the Plaintiff, **Karen Ray**, and the

surviving minor children of decedent, **Marcus Ray Alford Sr.**, were citizens and residents

of Knox County, Tennessee residing at 1401 Border Street, Knoxville Tennessee 37914. At

all times material and applicable hereto the decedent, **Marcus Ray Alford, Sr.**, was a

2

citizen of Knox County, Tennessee residing at 1401 Border Street, Knoxville Tennessee 37914 and deployed on active duty in Iraq.

2.      At all times material and applicable hereto the Plaintiff, Samuel Grinder, was a citizen and resident of Sumner County, Tennessee, residing at 211B Harsh Lane, Castalian Springs, TN 37031. At all times material and applicable hereto the decedent Billie Jean Grinder was a citizen and resident of Sumner County, Tennessee residing at 211B Harsh Lane, Castalian Springs, TN 37031and deployed on duty in Iraq.

3.      This Court has personal jurisdiction over Defendants because they have done and are doing business in the State of Tennessee and have sufficient contacts with the Tennessee, both generally and with regard to this specific action, that the exercise of personal jurisdiction over them does not offend the traditional notions of fair play and substantial justice and is proper. Accordingly, jurisdiction and venue are appropriate and proper with this court.

## PARTIES

4.      Plaintiff, Karen Ray, is a resident of the State of Tennessee and brings this suit as next friend of                    ., and                , both minors, and as Personal Representative of Estate of Marcus Ray Alfred, Sr., deceased, and on behalf of all wrongful death beneficiaries.

5.      Plaintiff, Samuel Grinder, is a resident of the State of Tennessee and brings this suit in his individual capacity as surviving spouse and as a statutory wrongful death beneficiary of Billie Jean Grinder, deceased and on behalf of all wrongful death beneficiaries.

3

6.    At the time of his death, Marcus Ray Alfred, Sr., resided in the State of Tennessee.

7.    At the time of her death, **Billie Jean Grinder** and Plaintiff, **Samuel Grinder**, were husband and wife residing in the State of Tennessee.

8.    Defendant **Bell Helicopter Textron, Inc.** ("Bell") is and was at all times material herein doing business in the State of Tennessee. Bell is a Delaware corporation authorized to do business in Tennessee and can be served with process through its Registered Agent in Tennessee, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

9.    Defendant **Rolls-Royce North America, Inc.** ("Rolls-Royce") is and was at all times material herein doing business in the State of Tennessee. Rolls-Royce North America is a Delaware corporation authorized to do business in Tennessee and can be served with process through its Registered Agent in Tennessee, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

10.    Defendant **Honeywell International, Inc.** ("Honeywell") is and was at all times material herein doing business in the State of Tennessee. Honeywell is a Delaware corporation authorized to do business in Tennessee and can be served with process through its Registered Agent Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

11.    Defendant, **Goodrich Pump & Engine Control Systems, Inc.**, (hereinafter "Goodrich") is and was at all times material herein doing business in the State of Tennessee. Goodrich does not maintain a regular place of business in Tennessee and does not have a designated agent for service in Tennessee.

4

12.     Defendant, Unison Industries (hereinafter "Unison") is and was at all times material herein doing business in the State of Tennessee. Unison does not maintain a regular place of business in Tennessee and does not have a designated agent for service in Tennessee.

## ASSUMED AND COMMON NAMES

13.     Defendants are used in all their common and/or assumed names, and notice is given to all parties in interest so that they may appear and answer. In addition to the assumed, common or business names stated elsewhere in this petition, Defendants are known to have used or done business under the following assumed names which include: **Goodrich, Rolls Royce, Allison Engine, Allison Engine Company, Bell, Bell Helicopter, Unison and Honeywell.**

## FACTUAL BACKGROUND

14.     This case arises from the crash of a United States Army helicopter which occurred on February 21, 2010 when **Marcus Ray Alford, Sr.** and **Billie Jean Grinder** were travelling in an OH-58D (R) Kiowa Helicopter 89-00115 on a mission to in Iraq when the helicopter experienced a Full Authority Digital Electronic Control (FADEC) system failure which caused the helicopter to crash killing both pilots.

15.     The failure of the FADEC system and/or components was a direct, producing, and proximate cause of the occurrence which resulted in the deaths of **Marcus R. Alford, Sr.** and **Billie Jean Grinder.**

## CAUSES OF ACTION

16.     Plaintiffs commence this action in which they allege that Defendants were negligent, jointly and severally, for the occurrence in question and that such negligence

5

proximately caused the crash, Decedents suffering and death, and the Plaintiffs' damages. Additionally, the components manufactured by Defendants and installed in the subject helicopter were defective in manufacture, construction, design, preparation, assembly, testing, service, warning, instruction and marketing of the OH-58D (R) Kiowa Helicopter 89-00115 involved in this litigation, and the component parts, engine, systems, equipment, accessories and FADEC system thereof. Finally, Defendants through their acts and omissions which resulted in the unreasonably dangerous and defective nature of the helicopter herein described, the lack of adequate cautions and warnings, and the despicable conduct, conscious disregard, willful misconduct, malice, fraud, wantonness, oppression and reckless disregard for the rights, lives, welfare and safety of the decedents and individuals similarly situated , said action of defendant reaching the level of conscious indifference to said rights, welfare, safety and lives by all defendants.

## NEGLIGENCE

17.     The Plaintiffs hereby incorporates all preceding paragraphs as if fully set forth verbatim herein.

18.     Plaintiffs aver that the Defendants' negligent acts, jointly and severally, were the sole and proximate cause of the Plaintiff's injuries and damages.

19.     Plaintiffs aver that the Defendant's were negligent in failing to correct or remove unsafe, dangerous, and defective conditions in the OH-58D (R) Kiowa Helicopter 89-00115, about which Defendants knew or should have known, including but not limited to the unsafe, dangerous and defective FADEC SYSTEM, about which Defendants had knowledge greatly superior to that of the United States Army and Plaintiffs' decedents, so

6

that said aircraft was not airworthy, and was dangerous to the health, life, and property of its operators and passengers, including the Plaintiffs' decedents.

20. Plaintiffs aver Defendants were negligent in putting into the stream of commerce the OH-58D (R) Kiowa Helicopter 89-00115, and the FADEC System in a defective and unairworthy condition;

21. Plaintiffs aver the Defendants were negligent in failing to properly warn and inform the United States Army and Plaintiffs' decedents that Oh-58 Kiowa Helicopter was dangerous and unsafe due to defects and dangerous conditions in the FADEC System, and in its warning and systems, about which Defendants knew or should have known, and about which Defendant had knowledge greatly superior to that of the United States Army and Plaintiff's decedents.

22. Plaintiffs aver the Defendants were negligent failing to provide the United States Army and Plaintiffs' decedents with all necessary, proper and reasonable programs, instructions, manuals, warnings, information and recommendations for the proper and safe operation, control, inspection, testing, maintenance, service, overhaul, and repair of the aircrafts FADEC SYSTEM, ,which created an unreasonable risk and hazard to decedents.

23. Plaintiffs aver that the Defendants, at all times material and applicable hereto, deviated from the standard of care and expected and required of the said Defendants.

24. Plaintiffs aver that the Defendants, at all times material and applicable hereto through affirmative acts and/or omissions by failing to manufacture, construct, design, prepare, assemble, test, service, warn, instruct and market the OH-58D (R) Kiowa Helicopter 89-00115 involved in this litigation, and the component parts, engine, systems, equipment, accessories and FADEC system thereof proximately contributed to the cause of

7

Plaintiffs' injuries, by deviating from the standard of care and skills expected and required of similarly situated manufactures, designers, constructors, remanufacturers, assemblers, testers, instructors, distributors, servicers and suppliers.

## STRICT LIABILITY
## BREACH OF EXPRESS AND IMPLIED WARRANTY

25.     The OH-58D (R) Kiowa Helicopter 89-00115 was not of merchantable quality and not as expressly warranted by defendants, thus constituting a breach of warranty.

26.     Defendants individually, and through their divisions, subsidiaries, officers, agents, servants, employees and assigns, held themselves out to the United States Military, flying public and to decedents herein as possessing superior knowledge and skill in the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of helicopters, including the OH-58D (R) Kiowa Helicopter 89-00115 involved in this litigation, and the component parts, engine, systems, equipment, accessories and FADEC system thereof.

27.     Defendants individually, and through their divisions, subsidiaries, officers, agents, servants, employees and assigns, held themselves out to the United States Military, flying public and to decedents as possessing superior knowledge and skill in the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of the OH-58D (R) Kiowa Helicopter 89-00115 involved in this litigation, and the component parts, engine, systems, equipment, accessories and FADEC system thereof.

28.     Defendants individually, and through their divisions, subsidiaries, officers, agents, servants, employees and assigns, expressly and/or impliedly warranted the manufacture, construction, design, preparation, assembly, testing, service, instruction,

8

marketing, packaging, or labeling and sold the same to the users of the OH-58D (R) Kiowa Helicopter 89-00115 or to the users of the component parts which they the manufacture, construct, design, prepare, assemble, test, service, instruct, market, package or label and sold, including the FADEC System involved herein, and that all of the of the OH-58D (R) Kiowa Helicopter 89-00115 component parts and materials, were free from any and all hidden defects and dangers and were of a merchantable quality and fit for the purposes for which they were planned, designed, manufactured, assembled, tested, inspected, sold, delivered, and intended.

29.     Defendants breached their aforesaid express and implied warranties in that OH-58D (R) Kiowa Helicopter 89-00115 and all of its components parts and materials involved in this accident, were not free from dangerous defects, were not of merchantable quality, and were not fit for the purposes for which it was planned, designed, manufactured, assembled, tested, inspected, sold, delivered and intended.

30.     As a direct and proximate result of Defendants' breaches of express and implied warranties, Marcus Ray Alford and Billie Jean Grinder lost their lives.

## DAMAGES

31.     As a direct and proximate result of Defendants' negligence and breaches of express and implied warranties, the unreasonably dangerous and defective nature of the OH-58D (R) Kiowa Helicopter 89-00115 the lack of adequate cautions and warnings, and the despicable conduct, conscious disregard, willful misconduct, malice, fraud, wantonness, oppression and reckless disregard for the rights, lives, welfare and safety of the decedents and individuals similarly situated Marcus Ray Alford, Sr., lost his life resulting in the following damages for his beneficiaries and heirs:

9

  a.  the pecuniary value of the life of the decedent to be determined upon

a consideration of his expectancy of life, his age, condition of health and strength, capacity

for labor and for earning money through skill in any act, trade, profession, and occupation or

business.

  b.  the loss of consortium including attention, guidance care, protection,

training, companionship, cooperation, affection, love as well as tangible service provide by

the decedent.

  c.  the medical, funeral and burial expenses.

  d.  loss of future earnings, including future pensions and retirement

benefits.

  32.  As a direct and proximate result of Defendants' negligence and breaches of

express and implied warranties, the unreasonably dangerous and defective nature of the

OH-58D (R) Kiowa Helicopter 89-00115 the lack of adequate cautions and warnings, and

the despicable conduct, conscious disregard, willful misconduct, malice, fraud, wantonness,

oppression and reckless disregard for the rights, lives, welfare and safety of the decedents

and individuals similarly situated, **Billie Jean Grinder**, lost her life resulting in the

following damages for her beneficiaries and heirs:

  a.  the pecuniary value of the life of the decedent to be determined upon

a consideration of her expectancy of life, her age, condition of health and strength, capacity

for labor and for earning money through skill in any act, trade, profession, and occupation or

business.

b.      the loss of consortium for a attention, guidance care, protection, training, companionship, cooperation, affection, love, and intimate relations as well as tangible service provide by the decedent.

c.      the medical, funeral and burial expenses.

d.      loss of future earnings, including future pensions and retirement benefits.

33.      Plaintiffs seek all damages recoverable under the applicable law.

WHEREFORE, Plaintiff, **Karen Ray**, as Personal Representative of the Estate of Marcus **Ray Alford**, Sr., and as guardian and next best friend of a minor, and a minor, and on behalf of all the wrongful death beneficiaries of Marcus Ray Alford, Sr., demands judgment for damages against the Defendants, in the sum of no less than **Fifteen Million Dollars** and costs. Additionally, Plaintiff demands judgment for punitive damages in the sum of no less than **Twenty-Five Million Dollars** along with any other and general relief deemed necessary by this Honorable Court.

WHEREFORE, Plaintiff, **Samuel Grinder**, as surviving spouse and Personal Representative of the Estate of **Billie Jean Grinder** and on behalf of all wrongful death beneficiaries of **Billie Jean Grinder** demands judgment for damages against the Defendants, in the sum of no less than **Fifteen Million Dollars** and costs. Additionally, Plaintiff demands judgment for punitive damages in the sum of no less than **Twenty-Five**

Million Dollars along with any other and general relief deemed necessary by this Honorable Court.

Further, the Plaintiffs demand a jury to try this action.

Respectfully submitted,

Karen Ray
Samuel Grinder

By: _____

Mark A. Brown (BPR No. 015163)
Attorney at Law
2415 E. Magnolia Avenue
Knoxville, TN 37917
(865) 546-7074 (office)
(865) 523-6992 (fax)

Case 3:12-cv-00127 Document 1-1 Filed 03/14/12 Page 13 of 24 PageID #: 29

## COST BOND

We acknowledge ourselves as surety for all costs, taxes, and damages in this case in accordance with T.C.A. § 20-12-120.

*Karen Ray*
**Karen Ray, Principal**

*Samuel Grinder*
**Samuel Grinder, Principal**

By:

Mark A. Brown, Surety

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

KAREN RAY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARCUS RAY ALFORD, SR.,
AND AS GUARDIAN AND NEXT FRIEND OF
            , A MINOR AND
         , A MINOR AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES,

AND

SAMUEL GRINDER, INDIVIDUALLY, AS SURVIVING
SPOUSE AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF BILLIE JEAN GRINDER AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,
        PLAINTIFFS,

V.                                              NO.: 2-108-12
                                                JURY DEMANDED

BELL HELICOPTER TEXTRON, INC.,
SERVE:    C T CORPORATION SYSTEM
          800 S. GAY STREET, SUITE 2021
          KNOXVILLE, TN 37929

ROLLS-ROYCE NORTH AMERICA INC.,
SERVE:    CORPORATION SERVICE COMPANY,
          2908 POSTON AVENUE
          NASHVILLE, TN 37203,

GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.
SERVE:    MARSHALL LARSEN, PRESIDENT AND CEO
          FOUR COLISEUM CENTRE
          2730 WEST TYVOLA ROAD
          CHARLOTTE, NC 28217-4578

UNISON INDUSTRIES
SERVE:    CHRISTINA M. ALVORD, PRESIDENT
          7575 BAYMEADOWS WAY
          JACKSONVILLE, FL 32256

HONEYWELL INTERNATIONAL INC.
SERVE:    CORPORATION SERVICE COMPANY
          2908 POSTON AVENUE
          NASHVILLE, TN 37203
     DEFENDANTS.

## SUMMONS

TO:    HONEYWELL INTERNATIONAL INC.
       CORPORATION SERVICE COMPANY
       2908 POSTON AVENUE
       NASHVILLE, TN 37203

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon Mark A. Brown, Plaintiffs' attorney, whose address is 2415 E. Magnolia Avenue, Knoxville, TN 37917 within **30 days** after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Issued this ___7___ day of ___MARCH___, 2012. Witness, Catherine F. Quist, Clerk of said Court, at office in Knoxville, Tennessee.

_Catherine Quist_
Clerk

By: _Meagan Puckett_
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures)

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____ 2012, _____,
Deputy Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I served this summons together with the complaint as follows: _____.

failed to serve this summons within 30 days after its issuance because _____

_____
Deputy Sheriff/Process Server

FILED

KAREN RAY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARCUS RAY ALFORD, SR.,
AND AS GUARDIAN AND NEXT FRIEND OF
~~~~~~~~~~ D. __, A MINOR AND
~~~~~~~~ ORD, A MINOR AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES,

2012 MAR -2 P 2: 12

CATHERINE F. QUIST
CIRCUIT COURT CLERK

AND

SAMUEL GRINDER, INDIVIDUALLY, AS SURVIVING
SPOUSE AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF BILLIE JEAN GRINDER AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,
       PLAINTIFFS,

V.

NO.: 2-108-12
JURY DEMANDED

BELL HELICOPTER TEXTRON, INC.,
SERVE:       C T CORPORATION SYSTEM
             800 S. GAY STREET, SUITE 2021
             KNOXVILLE, TN 37929

ROLLS-ROYCE NORTH AMERICA INC.,
SERVE:       CORPORATION SERVICE COMPANY,
             2908 POSTON AVENUE
             NASHVILLE, TN 37203,

GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.
SERVE:       MARSHALL LARSEN, PRESIDENT AND CEO
             FOUR COLISEUM CENTRE
             2730 WEST TYVOLA ROAD
             CHARLOTTE, NC 28217-4578

UNISON INDUSTRIES
SERVE:       CHRISTINA M. ALVORD, PRESIDENT
             7575 BAYMEADOWS WAY
             JACKSONVILLE, FL 32256

HONEYWELL INTERNATIONAL INC.
SERVE:       CORPORATION SERVICE COMPANY
             2908 POSTON AVENUE
             NASHVILLE, TN 37203
       DEFENDANTS.

## SUMMONS

TO:    ROLLS-ROYCE NORTH AMERICA INC.
       C/o CORPORATION SERVICE COMPANY
       2908 POSTON AVENUE
       NASHVILLE, TN 37203

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **Mark A. Brown**, Plaintiffs' attorney, whose address is 2415 E. Magnolia Avenue, Knoxville, TN 37917 within **30 days** after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this ___2___ day of ___MARCH___, 2012. Witness, Catherine F. Quist, Clerk of said Court, at office in Knoxville, Tennessee.

_Catherine Quist_
Clerk

By: _Megan Pickett_
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures)

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____ 2012, _____,
Deputy Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I served this summons together with the complaint as follows: _____

_____

failed to serve this summons within 30 days after its issuance because _____

_____


_____
Deputy Sheriff/Process Server

FILED

KAREN RAY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARCUS RAY ALFORD, SR.,
AND AS GUARDIAN AND NEXT FRIEND OF
ᴛ, A MINOR AND
, A MINOR AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES,

2012 MAR -2 P 2: 10

CATHERINE F. QUIST
CIRCUIT COURT CLERK

AND

SAMUEL GRINDER, INDIVIDUALLY, AS SURVIVING
SPOUSE AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF BILLIE JEAN GRINDER AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,
        PLAINTIFFS,

V.

NO.: 2-108-12
JURY DEMANDED

BELL HELICOPTER TEXTRON, INC.,
SERVE:    C T CORPORATION SYSTEM
          800 S. GAY STREET, SUITE 2021
          KNOXVILLE, TN 37929

ROLLS-ROYCE NORTH AMERICA INC.,
SERVE:    CORPORATION SERVICE COMPANY,
          2908 POSTON AVENUE
          NASHVILLE, TN 37203,

GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.
SERVE:    MARSHALL LARSEN, PRESIDENT AND CEO
          FOUR COLISEUM CENTRE
          2730 WEST TYVOLA ROAD
          CHARLOTTE, NC 28217-4578

UNISON INDUSTRIES
SERVE:    CHRISTINA M. ALVORD, PRESIDENT
          7575 BAYMEADOWS WAY
          JACKSONVILLE, FL 32256

HONEYWELL INTERNATIONAL INC.
SERVE:    CORPORATION SERVICE COMPANY
          2908 POSTON AVENUE
          NASHVILLE, TN 37203
      DEFENDANTS.

## SUMMONS

TO:    BELL HELICOPTER TEXTRON, INC.
       C/o C T CORPORATION SYSTEM
       800 S. GAY STREET, SUITE 2021
       KNOXVILLE, TN 37929

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon Mark A. Brown, Plaintiffs' attorney, whose address is 2415 E. Magnolia Avenue, Knoxville, TN 37917 within 30 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this __Z__ day of __MARCH__, 2012. Witness, Catherine F. Quist, Clerk of said Court, at office in Knoxville, Tennessee.

_Catherine Quist_
Clerk

By: _Megan Pulliff_
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures)

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____ 2012, _____;
Deputy Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I served this summons together with the complaint as follows: _____

_____

failed to serve this summons within 30 days after its issuance because _____

_____

_____
Deputy Sheriff/Process Server

KAREN RAY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARCUS RAY ALFORD, SR.,
AND AS GUARDIAN AND NEXT FRIEND OF
        ...., A MINOR AND
        ..., A MINOR AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES,

FILED

2012 MAR -2 P 2: 05

CATHERINE F. QUIST
CIRCUIT COURT CLERK

AND

SAMUEL GRINDER, INDIVIDUALLY, AS SURVIVING
SPOUSE AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF BILLIE JEAN GRINDER AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,
        PLAINTIFFS,

V.

NO.: 2-108-12

JURY DEMANDED

BELL HELICOPTER TEXTRON, INC.,
SERVE:    C T CORPORATION SYSTEM
          800 S. GAY STREET, SUITE 2021
          KNOXVILLE, TN 37929

ROLLS-ROYCE NORTH AMERICA INC.,
SERVE:    CORPORATION SERVICE COMPANY,
          2908 POSTON AVENUE
          NASHVILLE, TN 37203,

GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.
SERVE:    MARSHALL LARSEN, PRESIDENT AND CEO
          FOUR COLISEUM CENTRE
          2730 WEST TYVOLA ROAD
          CHARLOTTE, NC 28217-4578

UNISON INDUSTRIES
SERVE:    CHRISTINA M. ALVORD, PRESIDENT
          7575 BAYMEADOWS WAY
          JACKSONVILLE, FL 32256

HONEYWELL INTERNATIONAL INC.
SERVE:    CORPORATION SERVICE COMPANY
          2908 POSTON AVENUE
          NASHVILLE, TN 37203
    DEFENDANTS.

## SUMMONS

TO:  UNISON INDUSTRIES            SERVE: TENNESSEE SECRETARY OF STATE
     CHRISTINA M. ALVORD, PRESIDENT
     7575 BAYMEADOWS WAY
     JACKSONVILLE, FL 32256

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon Mark A. Brown, Plaintiffs' attorney, whose address is 2415 E. Magnolia Avenue, Knoxville, TN 37917 within 30 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this **2** day of **MARCH**, 2012. Witness, Catherine F. Quist, Clerk of said Court, at office in Knoxville, Tennessee.

_____
Clerk

By: _____
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures)

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____ 2012, _____,
Deputy Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I served this summons together with the complaint as follows: _____

failed to serve this summons within 30 days after its issuance because _____

_____
Deputy Sheriff/Process Server

KAREN RAY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARCUS RAY ALFORD, SR.,
AND AS GUARDIAN AND NEXT FRIEND OF
               , A MINOR AND
      , A MINOR AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES,

AND

SAMUEL GRINDER, INDIVIDUALLY, AS SURVIVING
SPOUSE AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF BILLIE JEAN GRINDER AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,
    PLAINTIFFS,

V.

NO.: 2-108-12
JURY DEMANDED

FILED

2012 MAR -2 P 2: 05

CATHERINE F. QUIST
CIRCUIT COURT CLERK

BELL HELICOPTER TEXTRON, INC.,
SERVE:    C T CORPORATION SYSTEM
                800 S. GAY STREET, SUITE 2021
                KNOXVILLE, TN 37929

ROLLS-ROYCE NORTH AMERICA INC.,
SERVE:    CORPORATION SERVICE COMPANY,
                2908 POSTON AVENUE
                NASHVILLE, TN 37203,

GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.
SERVE:    MARSHALL LARSEN, PRESIDENT AND CEO
                FOUR COLISEUM CENTRE
                2730 WEST TYVOLA ROAD
                CHARLOTTE, NC 28217-4578

UNISON INDUSTRIES
SERVE:    CHRISTINA M. ALVORD, PRESIDENT
                7575 BAYMEADOWS WAY
                JACKSONVILLE, FL 32256

HONEYWELL INTERNATIONAL INC.
SERVE:    CORPORATION SERVICE COMPANY
                2908 POSTON AVENUE
                NASHVILLE, TN 37203
    DEFENDANTS.

## SUMMONS

TO: GOODRICH PUMP & ENGINE CONTROL    SERVE: TENNESSEE SECRETARY OF STATE
SYSTEMS, INC.
MARSHALL LARSEN, PRESIDENT & CEO
FOUR COLISEUM CENTRE
2730 WEST TYVOLA ROAD
CHARLOTTE, NC 28217-4578

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **Mark A. Brown**, Plaintiffs' attorney, whose address is 2415 E. Magnolia Avenue, Knoxville, TN 37917 within **30 days** after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this ___2___ day of ___MARCH___, 2012. Witness, Catherine F. Quist, Clerk of said Court, at office in Knoxville, Tennessee.

_____Catherine Quist_____
Clerk

By: _____Aleea Pickett_____
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures)

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____ 2012, _____,
Deputy Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I served this summons together with the complaint as follows: _____

failed to serve this summons within 30 days after its issuance because _____

_____
Deputy Sheriff/Process Server