UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KAREN RAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:12-CV-127 |
| | ) | (CAMPBELL/SHIRLEY) |
| V. | ) | |
| | ) | |
| BELL HELICOPTER TEXTRON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court. Now before the Court is Plaintiffs' Motion for More Definite Statement. The parties appeared before the undersigned, telephonically, to address this motion on April 11, 2013. Only two parties take a position on Plaintiffs' Motion: Plaintiffs, who were represented by Attorneys Ursula Bailey, George Underwood, and Mark Brown at the hearing, and Defendant Bell Helicopter Textron, Inc., ("Bell Helicopter") who was represented by Attorney Bryan David at the hearing.

In their Motion for More Definite Statement, Plaintiffs aver that they are "unable to respond" to affirmative defenses asserted by Bell Helicopter because the defenses are asserted in a vague and ambiguous manner. [Doc. 20 at 1]. Plaintiffs move the Court to order Bell Helicopter to provide a more definite statement. [Id. at 2].

Bell Helicopter responds that a request for more definite statement under Rule 12(e) is not the proper vehicle to address the issue presented by Plaintiffs. [Doc. 29 at 2]. Bell Helicopter maintains that the instant motion is unnecessary, because the information sought is more properly obtained through written discovery. [Id.].

At the hearing, counsel for both sides reiterated these positions. Due to various reassignments of this case, a substantial period of time elapsed between the filing of the motion and the hearing before the undersigned. The parties, therefore, updated the Court on the status of the motion. The Plaintiff stated that Bell Helicopter had disclosed the information available to it – specifically, the identify of persons to whom comparative fault might be assigned and who should potentially be parties – but Bell Helicopter represented that it did not know the identity of all these persons.

Bell Helicopter confirmed the same adding that it had stated the persons known to it and the categories of potential, additional parties in a letter sent to Plaintiffs' counsel. Bell Helicopter, however, stated that because the incident at issue occurred in Iraq during war time, Bell Helicopter must rely upon the United States Army to disclose certain information. Bell Helicopter represented that the United States Army had not yet fully responded to requests for information, but when it did respond, the information would be disclosed.

Based upon the foregoing, the Court finds that the Motion for More Definite Statement is not well-taken, because the issues contained in the motion are better addressed through discovery and the parties are in the process of resolving the issues presented. The Court reminded the parties that wasteful, dilatory, or obstructionist tactics – such as overly-broad discovery requests, boiler-plate objections, etc. – will not be tolerated generally and certainly will not be tolerated in this case given the lack of progress that has been made in this litigation in the last year.

Accordingly, the Motion for More Definite Statement **[Doc. 20]** is **DENIED**. Plaintiffs shall serve written discovery as soon as practicable, and Bell Helicopter or any other Defendants served with written discovery shall respond in a timely, thorough manner.

**IT IS SO ORDERED**.

ENTER:

_____s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge

3